ROBERT CLAUSSE V. THE STATE.

No. 20348. Delivered April 5, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*B. F. Patterson* and *Leonard Brown*, both of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault upon the person of a girl child eleven years old, and by the court awarded a term of one year in the county jail.

There are no bills of exception in the record, and we find naught presented for review save the facts.

The little girl testified that she was in a public movie theatre in San Antonio in the afternoon about five o'clock, and the appellant was sitting behind her, sometimes making peculiar noises as though talking to himself and rubbing his clothes and moving his feet. Appellant's first advance towards

her was to touch her on her arm which was on the back of her seat. He finally got up and moved his seat to one next to her, and soon thereafter he placed his hand on her legs above her knees. She immediately got up and went to an usher and complained to him. Appellant started out of the theater, running out the aisle and exclaiming "It is a lie, I didn't do it, I didn't do it." The ushers then got a policeman who detained appellant, and appellant then said: "It is a lie, little girl, tell them it is a lie," at which time his pants were unbuttoned,— several buttons.

Appellant testified and denied that he touched the little girl, or if so that it was an accident; he was drinking he said, and went into this movie theater to sleep it off. He said that his pants had one broken button thereon, but were not further unbuttoned. He was thirty-three years of age, a jeweler, and had never before been charged with a crime. It can be seen that the testimony herein was conflicting, and the court who tried the case resolved the conflict against the appellant, and we do not feel inclined to disturb his finding.

There is a further complaint relative to the punishment, which is claimed to be excessive. The uncontradicted testimony is to the effect that the little girl was only eleven years old, and therefore what would be in law termed a child,—See Branch's Penal Code, p. 928, Sec. 1573, the appellant's age being given at thirty-three years; that he attempted to fondle her person is also clearly shown by the little girl's testimony; that appellant's trousers were unbuttoned is also shown by the girl and the policeman. That the punishment for an aggravated assault could have been made more severe herein, had the trial court so decided, is plain, and we would not be justified in saying that one year in jail is an excessive punishment under the case as made out by the proven facts and the punishment allowed by the law.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After re-examining the record in the light of appellant's motion for rehearing we are still of opinion that the evidence is sufficient to support the conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.